FILED
CLERK, U.S. DISTRICT COURT
2/24/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: jb DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMMY HODGES,<br>aka "Baby Roscoe,"<br><br>Defendant. | CR 2:26-cr-00090-JFW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi): Possession with Intent to Distribute a Fentanyl Analogue; 21 U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi)]

On or about January 29, 2025, in Los Angeles County, within the Central District of California, defendant SAMMY HODGES, also known as "Baby Roscoe," knowingly and intentionally possessed with intent to distribute at least 10 grams, that is, approximately 13.8 grams, of a mixture and substance containing a detectable amount of N-(1-Phenethylpiperidin-4-yl)-N-phenylacetamide ("acetyl fentanyl"), an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from the offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond

//

//

//

//

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Chief, Major Crimes Section

JENA A. MACCABE
Assistant United States Attorney
Deputy Chief, Major Crimes Section

DANIEL H. WEINER
Assistant United States Attorney
Transnational Organized Crime Section